ELD-026                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-2581
_____

IN RE: KAITRON BRYANT,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus to the
United States District Court for the District of New Jersey
(Related to 2:25-cv-16688)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 9, 2026
Before: CHAGARES *Chief Judge*, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: July 30, 2026)
_____

OPINION*
_____

PER CURIAM

Petitioner Kaitron Bryant, proceeding pro se, has filed a petition for a writ of

mandamus. For the reasons below, we will deny the petition.

In October 2025, Bryant filed a complaint in the District Court for the District of

New Jersey against Malik Myers and the New York Film Academy for direct copyright

infringement, contributory and vicarious infringement, false representation and

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

misattribution, and willful and continuing infringement. The complaint stemmed from Myers's public showing of a film without Bryant's authorization. Myers filed a motion to dismiss, arguing that Bryant had already brought the same claims—unsuccessfully—before the Copyright Claims Board.

The District Court granted the motion and dismissed the complaint with prejudice on February 27, 2026. Following the District Court's dismissal, Bryant filed a timely notice of appeal. Within 28 days of the dismissal, Bryant also filed a "Formal Notice of Manifest Error of Fact and Law" and a motion for relief under Federal Rule of Civil Procedure 60(b). After the appeal was docketed at C.A. No. 26-1459, it was stayed pending the disposition of the Rule 60(b) motion by the District Court. *See* Fed. R. App. P. 4(a)(4)(A)(vi), (a)(4)(B)(i). On June 24, 2026, Bryant filed this petition for a writ of mandamus, requesting that we compel the District Court to rule on his pending filings.

A writ of mandamus is a drastic remedy that is available only in extraordinary circumstances. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). Mandamus should not issue unless the petitioner has "no other adequate means to attain the relief" sought and has shown that his right to the writ is "clear and indisputable." *Id.* at 378-79 (quoting *Cheney v. United States Dist. Ct.*, 542 U.S. 367, 380-81 (2004)).

Although the manner in which a court manages its docket is generally discretionary, *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), mandamus may be warranted when a District Court's "undue delay is tantamount to a failure to exercise jurisdiction[.]" *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996) (citation omitted). However, those circumstances are not present here. Bryant's Rule

2

60(b) motion and other filing have only been pending before the District Court for approximately four months. Such a delay does not rise to the level of a failure to exercise jurisdiction or an extraordinary circumstance. *Cf. id.* We are confident that the District Court will act on Bryant's filings within a reasonable time.

Accordingly, we will deny Bryant's mandamus petition. To the extent Bryant requests any additional relief, it is also denied.